IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ALFREDA TOW,** | |
| *Plaintiff*, | |
| v. | Civil No.: 1:24-cv-00236-JRR |
| **AARON HARRIS,** *et al.*, | |
| *Defendants*. | |

## MEMORANDUM OPINION

Pending now before the court are Defendant Aaron Harris's Motion to Dismiss at ECF No. 8 and Defendant Mark Bowyer's Motion to Dismiss Plaintiff's Complaint at ECF No. 11. The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motions will be granted.

**I.   BACKGROUND**[1]

This action arises from Plaintiff Alfreda Tow's employment at a FedEx store in September of 2022. (ECF No. 1. at p. 6; the "Complaint".) Plaintiff was "moved up to start helping management with whatever they were behind on," and began working with Defendants Aaron Harris and Mark Bowyer, both of whom were managers.[2] *Id.* Defendants both made sexual advances toward Plaintiff and would "tell her inappropriate things all the time." *Id.* at p. 6–7.

In particular, Plaintiff alleges that Defendant Bowyer "forc[ed] himself on her one day at work," and she was unable to push him off of her. *Id.* Defendant Bowyer then "grab[b]ed her buttocks and let [her] go." *Id.* at p. 7. Plaintiff felt "very uneasy" afterwards and talked with her

---

[1] For purposes of resolving the Motions, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 1.) *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).
[2] Plaintiff improperly names Defendant Bowyer as "Mark Bowes."

coworkers who reported to her that Defendant Bowyer "does this with a lot of girls" and that Plaintiff would "lose [her] job" if she "spoke up against him." *Id.* Plaintiff also alleges that Defendant Harris "would call [her] to his office to say very nasty things to [her]." *Id.* And, when she had made an excuse to leave the office, Defendant Harris would then send her a text message asking why she had "excited" him before leaving and telling her to return to his office. *Id.* Defendant Harris also "stalked [her] on all of [her] social media." *Id.* Defendants' advances persisted for about two months before Plaintiff told her manager Brandi Autry Smith.[3] *Id.* Plaintiff alleges that Smith "g[ot] her employees to attack [Plaintiff] while [she] was working," and that Smith herself "came to the job to assault [Plaintiff]." *Id.*

Plaintiff subsequently filed the instant action seeking monetary damages "for the sexual assault from both managers and the wrongful termination."[4] *Id.* at p. 8. Plaintiff invokes this court's subject matter jurisdiction on the basis that the action raises a federal question, but Plaintiff does not identify the federal basis for her claims.[5] Based on Plaintiff's allegations, her invocation of federal question jurisdiction, and her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission,[6] the court construes Plaintiff's claims as asserting hostile work environment and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq*. (ECF Nos. 1, 11-2.)

---

[3] According to Defendant Bowyer, this person is named "Brandi Autry-Marcus."
[4] Plaintiff has not pled any facts related to any purported termination. (ECF No. 1.)
[5] In that section of the Complaint, Plaintiff cites 28 U.S.C. § 1331, the statute on federal question subject matter jurisdiction. (ECF No. 1 at p. 4.)
[6] The court may consider Plaintiff's EEOC Charge in ruling on the instant Rule 12 Motions because it is integral to the Complaint (and she has not questioned its authenticity), *see, e.g.*, *Virella v. M.B.G. Enterprises Inc.*, No. CV RDB-21-1844, 2022 WL 36452, at *2 (D. Md. Jan. 4, 2022); *McKenzie-El v. Ports of Am.*, No. CV ELH-19-1980, 2020 WL 1185193, at *7 (D. Md. Mar. 12, 2020), and because it is a document of which the court may take judicial notice. *See Yampierre v. Baltimore Police Dep't*, No. CV ELH-21-1209, 2022 WL 3577268, at *17 (D. Md. Aug. 18, 2022) (quoting *Campbell v. Mayorkas*, 3:20-cv-697-MOC, 2021 WL 2210895, at *1 n.3 (W.D.N.C. July 1, 2021)).

Plaintiff initiated this action on January 24, 2024. (ECF No. 1.) Though unclear, broadly construing her Complaint, she asserts claims against "FedEx," Defendants Harris and Bowyer, and Smith. (ECF No. 1.) Plaintiff also filed a motion for leave to proceed *in forma pauperis*, which this court granted. (ECF No. 4.) Accordingly, Plaintiff was ordered to complete the U.S. Marshal and summons forms and return them to the court, and the U.S. Marshal was then directed to effectuate service of process upon Defendants based on the information provided by Plaintiff. *Id.* Thereafter, Plaintiff returned the necessary forms for the three individual Defendants—Harris, Bowyer, and Smith—all with the same address for service, the address for a FedEx store in Linthicum Heights, Maryland. (ECF Nos. 7, 7-2, 7-2.) Each summons was returned unexecuted, meaning service was not effected upon the individual Defendants. (ECF Nos. 24, 25, 26.) Defendants Harris and Bowyer subsequently filed the instant Motions. The court then issued an order requiring that Plaintiff show cause for failure to serve Smith and, upon no response by Plaintiff, dismissed this action against Smith on July 15, 2024. (ECF Nos. 28, 29.) With regard to FedEx, Plaintiff never submitted the necessary U.S. Marshal and summons forms,[7] and her action was dismissed as against FedEx on June 27, 2024. (ECF No. 27.)

II. **LEGAL STANDARDS**

A. **Federal Rule of Civil Procedure 12(b)(5)**

"A motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5)." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Id.* "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the

---

[7] Based on Plaintiff's Complaint, it is not clear to the court if Plaintiff actually intended to sue "FedEx" itself as a party.

court." *Id.* (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963) and *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

    B. <u>Federal Rule of Civil Procedure 12(b)(6)</u>

A motion asserted under Rule 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations,*

*LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

### III. ANALYSIS

As an initial matter, the court is ever mindful that "*pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 WL 511910, at *2 (D. Md. Feb. 8, 2017) (citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)). "Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented." *Id.* (citations omitted).

#### A. Rule 12(b)(5) – Insufficient Service of Process

Defendant Harris argues first that the claims against him should be dismissed for insufficient service of process. (ECF No. 8 at p. 5–7.) Pursuant to Federal Rule of Civil Procedure 4, a plaintiff must serve a summons and the complaint upon a defendant within 90 days after the complaint is filed. FED. R. CIV. P. 4(c), (m). If a plaintiff fails to effectuate timely service, the court may, "on motion or on its own after notice to the plaintiff," dismiss the action without prejudice as against the defendant. FED. R. CIV. P. 4(m). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 515 (D. Md. 2016) (quoting *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006)).

The Fourth Circuit has explained:

> "[T]he real purpose of service of process is to give notice to the defendant," *Karlsson v. Rabinowitz*, 318 F.2d 666, 669 (4th Cir. 1963), and "'mere technicalities' should not stand in the way of

> consideration of a case on its merits." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316–17, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). "[A]ctual notice," however, is not the controlling standard. *See Mining Energy, Inc. v. Dir., Office of Workers' Comp. Programs*, 391 F.3d 571, 576 (4th Cir. 2004). Although actual notice typically warrants liberal construction of the rules, they "are there to be followed, and plain requirements . . . may not be ignored." *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

*Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 304 (4th Cir. 2016). Indeed, "[a]ctual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a *pro se* plaintiff." *Id.* at 305–306 (citing *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013)).

Here, there is no dispute that Defendant Harris was not properly served.[8] (ECF No. 25.) In opposition, Plaintiff merely avers that "him being served incorrectly if he was, is not on my part." (ECF No. 23.) While service was directed to be effectuated by the U.S. Marshal, Plaintiff was required to complete the necessary forms for proper service to occur, *i.e.*, Plaintiff had to provide the proper addresses for service of Defendants. (ECF No. 4.) Plaintiff failed to do so in accordance with this court's order. Having failed to do so, and offering no good cause for same, Plaintiff has not met her burden to establish the validity of timely service. *See Parker*, 179 F. Supp. 3d at 515.

Accordingly, this action against Defendant Harris is subject to dismissal for insufficient service of process. However, even if Plaintiff had properly served Defendant, her claims against him fail for the reasons discussed below.

---

[8] It similarly appears that service was not effected upon Defendant Bowyer; however, because Defendant Bowyer has appeared and raises no such argument, the court declines to address his service *sua sponte*.

### B. Rule 12(b)(6) – Individual Liability under Title VII

Both Defendants also move for dismissal for failure to state a claim under Title VII, specifically because there is no individual liability under Title VII. (ECF No. 8 at p. 7–8; ECF No. 11-1 at p. 2–3.)

"Title VII forbids (i) employment practices that discriminate against an employee on the basis of race, color, religion, sex, or national origin, 42 U.S.C. § 2000e-2, and (ii) retaliation against an employee for opposing adverse actions that she reasonably suspects to be unlawful under Title VII, 42 U.S.C. § 2000e-3." *Strothers v. City of Laurel, Md.*, 895 F.3d 317, 326-27 (4th Cir. 2018); *see Roberts v. Glenn Indus. Group, Inc.*, 998 F.3d 111, 122 (4th Cir. 2021) (holding that "Title VII prohibits an employer from retaliating against an employee for complaining about prior discrimination.").

It is well-established that "supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998); *see Abeles v. Metro. Washington Airports Auth.*, 676 F. App'x 170, 177 (4th Cir. 2017) (same). Indeed, "[a]n individual person can only be liable under Title VII if that person qualifies as an 'employer' within the meaning of the statute." *Weathersbee v. Baltimore City Fire Dep't*, 970 F. Supp. 2d 418, 425 (D. Md. 2013); *see Tibbs v. Baltimore City Police Dep't*, No. CIV.A. RDB-11-1335, 2012 WL 3655564, at *6 (D. Md. Aug. 23, 2012) (dismissing plaintiff's gender discrimination and retaliation claims against individual defendants on the basis that the individual defendants "are not individually liable under Title VII for the alleged wrongful conduct against [the] [p]laintiff").

Here, Plaintiff brings the instant action against Defendants in their individual capacities as FedEx managers. (ECF No. 1.) Accordingly, Plaintiff's Title VII claims against Defendants fail as a matter of law because there is no basis for individual liability. *See Weathersbee*, 970 F. Supp.

2d at 425 ("An individual person can only be liable under Title VII if that person qualifies as an 'employer' within the meaning of the statute."). Accordingly, Plaintiffs' claims against Defendants will be dismissed.

## IV. CONCLUSION

For the reasons set forth herein, by separate order, the Motions (ECF Nos. 8, 11) will be granted, and this action will be dismissed.[9]

Date: November 15, 2024

/s/_____
Julie R. Rubin
United States District Judge

---

[9] Defendant Harris seeks dismissal with prejudice. The court declines to dismiss this action with prejudice. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court").